United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL HEAVEY CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06119-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT, OR ALTERNATIVELY A TEMPORARY PROTECTIVE ORDER**<br><br>Re: Dkt. No. 7 |

Plaintiffs The Board of Trustees for the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (collectively, "Plaintiffs") bring causes of action for breach of contract, audit, and enforcement of personal guaranty against Defendants Michael Heavey Construction, Inc., Michael B. Heavey, and Noreen B. Heavey (collectively, "Defendants"). (Dkt. No. 1.)[1] Now pending before the Court is Plaintiffs' ex parte application for right to attach order and writ of attachment, or alternatively a temporary protective order. After careful consideration of Plaintiffs' briefing, the Court DENIES Plaintiffs' application because it fails to sufficiently allege great or irreparable injury warranting ex parte relief.

**DISCUSSION**

Federal Rule of Civil Procedure 64 authorizes district courts to employ state law remedies for attachment. Pursuant to California Code of Civil Procedure, a writ of attachment generally

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

may not be issued without notice to the defendant and a hearing. *See* Cal. Civ. Proc. Code §§ 484.040 ("No order or writ shall be issued under this article except after a hearing."); 1005(b) (detailing notice requirements). A writ of attachment may be issued ex parte, however, if "it appears from facts shown by affidavit that great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice." Cal. Civ. Proc. Code § 485.010(a); *see also Connecticut v. Doehr*, 501 U.S. 1, 16 (1991) (holding that notice to defendant required absent sufficient allegations of exigent circumstances). Thus, issuance of a writ of attachment prior to a noticed hearing is appropriate only "for use in exceptional circumstances." *See* Cal. Civ. Proc. Code § 484.010 law revision commission's comments to 1974 addition.

In *Novus Optimum Labs v. Tamayo*, for example, the court found the plaintiff's allegations in support of ex parte relief insufficient where he "presented no specific evidence that the defendant was likely to hide or dissipate assets if given notice that the plaintiffs were seeking a writ of attachment." No. 13-cv-1119-JST, 2013 WL 1390457, at *2 (N.D. Cal. Apr. 4, 2013). Instead, the plaintiff merely alleged prior fraudulent conduct and the conclusory statement that "[i]f given regular notice, [d]efendants will conceal their bank account funds and move money and other assets on the premises in order to avoid attachment." *Id.* Accordingly, the court denied plaintiff's application and deferred "discussing the substantive merits of the application until such time as [plaintiff] brings the matter before the court after notice [to defendant]." *Id.*

Here, the allegations do not rise to the level of even those found deficient in *Novus*. To secure amounts owed to Plaintiffs by Defendants pursuant to a settlement agreement dated October 27, 2016, Plaintiffs seek to attach:

> (1) all the Defendant[s'] real property interests including, but not limited to, Defendants' interest in real property located in San Francisco Count[y], California with Parcel ID Number 3076-009 which currently has the address of 250 Santa Paula Avenue, San Francisco, California 94127-1526; (2) any and all proceeds from the sale of [that property]; (3) Defendant[s'] accounts receivable, chattel paper and general intangibles arising out of Defendants' trade, business or profession; and (4) all but the first $1,000.00 of the money in every deposit accounts of Defendants located anywhere other than Defendant[s'] place of business.

2

(Dkt. No. 7 at ¶ 9.) Plaintiffs allege that there is a short sale pending on the real property at 250 Santa Paula Avenue, and that, "if Plaintiffs were to provide notice of their application for a writ of attachment to [Defendants], they would take steps to hasten the close of escrow to circumvent [Plaintiffs] from obtaining a writ of attachment and lien on the property." (Dkt. No. 11 at ¶ 7.) However, Plaintiffs fail to explain how Defendants could unilaterally "hasten the close of escrow" if given notice of the writ.

Further, Plaintiffs' affidavits do not allege a likelihood of great or irreparable injury based on past fraudulent conduct or specific efforts to hide assets, and instead state only that "Michael Heavey has a history of failing to pay the amounts owed by Michael Heavey Construction to [Plaintiffs] for contributions untimely," and based on that history, "Michael Heavey . . . will dissipate any proceeds payable to he and his wife from the sale of their home prior to the date on which [Plaintiffs] could secure a lien on the real property through recordation of a writ of attachment." (Dkt. No. 11 at ¶¶ 5, 7.) Plaintiffs provide no specific facts that Defendants are likely to hide or dissipate assets to support that statement; instead, their allegations are conclusory and fail to show exigent or exceptional circumstances warranting ex parte relief. *See Doehr*, 501 U.S. 1, 16 (1991); *see also Blackmon v. Tobias*, No. C 11-2853 SBA, 2011 WL 2445963, at *4 (N.D. Cal. June 16, 2011) ("Plaintiffs' speculation that Defendants will [dissipate assets upon notice of writ of attachment and temporary restraining order], based on their prior fraudulent conduct, is insufficient to justify dispensing with notice.").

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' application for a writ of attachment, or alternatively a temporary protective order[2] without prejudice to seeking such relief

---

[2] Plaintiffs provide no argument regarding their alternative request for a "temporary protective order," or any discussion as to what such relief would entail. (*See generally* Dkt. No. 8.) If Plaintiffs are requesting a temporary restraining order, however, then the same showing of irreparable injury is required. *See* Fed. R. Civ. P. 65(b)(1) (A temporary restraining order may issue without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").

upon notice to Defendants.

**IT IS SO ORDERED.**

Dated: October 31, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4